## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| KEVIN BALTIMORE, on behalf of himself and others similarly situated, | : <br> : CIVIL ACTION FILE NO. <br> : |
| Plaintiff, | : <br> : |
| v. | : **COMPLAINT – CLASS ACTION** <br> : |
| ENSUREM II, LLC | : <br> : **JURY TRIAL DEMANDED** |
| Defendant. | : <br> : |

Plaintiff Kevin Baltimore (hereinafter referred to as "Plaintiff"), individually and on behalf of all others similarly situated, alleges on personal knowledge, investigation of his counsel, and on information and belief, as follows:

## NATURE OF ACTION

1. This case involves a campaign by Ensurem II, LLC ("Ensurem") to market insurance services through the use of telemarketing to numbers that consumers had listed on the National Do Not Call Registry.

2. Because these calls were transmitted using technology capable of generating thousands of similar calls per day, he sues on behalf of a proposed nationwide class of other persons who received similar calls.

3. A class action is the best means of obtaining redress for the Defendant's illegal telemarketing and is consistent both with the private right of action afforded by the TCPA and the fairness and efficiency goals of Rule 23 of the Federal Rules of Civil Procedure.

## PARTIES

4. Plaintiff Kevin Baltimore is an individual.

5. Defendant Ensurem II, LLC is a Delaware limited liability company that is registered to do business in this District and has a registered agent of Corporation Service Company, 84 State St., Boston, MA 02109.

## JURISDICTION AND VENUE

6. This Court also has federal question jurisdiction pursuant to 28 U.S.C. § 1331 and 47 U.S.C. § 227 *et seq*.

7. This Court has personal specific jurisdiction over Ensurem because it made telemarketing calls to the Plaintiff by directing their conduct into this District. They are also registered to do business in this District.

8. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2) because as calls were made into this District and the Plaintiff received them while in this District.

## TCPA BACKGROUND

9. In 1991, Congress enacted the TCPA to regulate the explosive growth of the telemarketing industry. In so doing, Congress recognized that "[u]nrestricted telemarketing . . . can be an intrusive invasion of privacy [.]" Telephone Consumer Protection Act of 1991, Pub. L. No. 102-243, § 2(5) (1991) (codified at 47 U.S.C. § 227).

The National Do Not Call Registry

10. § 227(c) of the TCPA requires the FCC to "initiate a rulemaking proceeding concerning the need to protect residential telephone subscribers' privacy rights to avoid receiving

telephone solicitations to which they object." 47 U.S.C. § 227(c)(1).

11. The National Do Not Call Registry allows consumers to register their telephone numbers and thereby indicate their desire not to receive telephone solicitations at those numbers. *See* 47 C.F.R. § 64.1200(c)(2).

12. A listing on the Registry "must be honored indefinitely, or until the registration is cancelled by the consumer or the telephone number is removed by the database administrator." *Id*.

13. The TCPA and implementing regulations prohibit the initiation of telephone solicitations to residential telephone subscribers to the Registry and provides a private right of action against any entity that makes those calls, or "on whose behalf" such calls are made. 47 U.S.C. § 227(c)(5); 47 C.F.R. § 64.1200(c)(2).

## FACTUAL ALLEGATIONS

14. Defendant Ensurem is a "person" as the term is defined by 47 U.S.C. § 153(39).

15. At no point has the Plaintiff sought out or solicited information regarding Defendant's services prior to receiving the telemarketing calls at issue.

Calls to Plaintiff Baltimore

16. Plaintiff Baltimore's telephone number, 617-XXX-9290, is a residential telephone line.

17. It is not associated with a business and is used by Mr. Baltimore only.

18. The telephone number has been on the National Do Not Call Registry since April of 2009.

19. Mr. Baltimore received calls from the Defendant on January 20, February 8, 11, 15 and 19, 2021.

20. The Defendant makes telemarketing calls to offer insurance services.

21. More specifically, the Defendant offered Medicare services through telemarketing.

22. On the February 19, 2021 call, Mr. Baltimore fully engaged the telemarketer.

23. During the call, Mr. Baltimore spoke to "Adelaide Dorsey" with Ensurem.

24. Ms. Dorsey described Ensurem and how it is a Florida based insurance brokerage firm.

25. Ms. Dorsey provided a direct callback number of 855-695-8210 x. 1134

26. The calls received by Plaintiff were sent for the purpose of encouraging the purchase or rental of, or investment in, property, goods, or services as it seeks to have him sign up for Ensurem insurance services.

27. Ensurem has previously been sued in a lawsuit alleging violations of the TCPA. *See Hall v. Ensurem II, LLC*, Civil Action No. 20-cv-1196 (D. NM.).

## **CLASS ACTION ALLEGATIONS**

28. Plaintiff incorporates by reference all other paragraphs of this Complaint as if fully stated herein.

29. Plaintiff brings this action on behalf of himself and the following Class (the "Class") pursuant to Federal Rule of Civil Procedure 23:

> All persons in the United States whose, (1) telephone numbers were on the National Do Not Call Registry for at least 30 days, (2) but received more than one telephone solicitation telemarketing call from or on behalf of Ensurem (3) within a 12-month period, (4) from four years prior the filing of the Complaint.

30. The Plaintiff is a member of and will fairly and adequately represent and protect the interests of the class as he does not have interests that conflict with any of the class members.

31. Excluded from the Class are counsel, the Defendant, and any entities in which the Defendant has a controlling interest, the Defendant's agents and employees, any judge to whom this action is assigned, and any member of such judge's staff and immediate family.

32. Plaintiff and all members of the Class have been harmed by the acts of the Defendant, including, but not limited to, the invasion of their privacy, annoyance, waste of time, and the intrusion on their cellular telephone that occupied it from receiving legitimate communications.

33. The Class as defined above is identifiable through dialer records, other phone records, and phone number databases.

34. Plaintiff does not know the exact number of members in the Class, but Plaintiff reasonably believes Class members number, at minimum, in the hundreds in each class based on the *en masse* nature of telemarketing.

35. The joinder of all Class members is impracticable due to the size and relatively modest value of each individual claim.

36. Additionally, the disposition of the claims in a class action will provide substantial benefit to the parties and the Court in avoiding a multiplicity of identical suits.

37. There are numerous questions of law and fact common to Plaintiff and to the proposed Class, including but not limited to the following:

   (a) whether the calls were telemarketing;

(b) whether the telemarketing calls at issue were made to Plaintiff and members of the Class without first obtaining prior express written consent to make the calls;

(c) whether Defendant's conduct constitutes a violation of the TCPA; and

(d) whether members of the Class are entitled to treble damages based on the willfulness of Defendant's conduct.

38. Plaintiff has retained counsel with substantial experience in prosecuting complex litigation and class actions, and especially TCPA class actions. Plaintiff and their counsel are committed to vigorously prosecuting this action on behalf of the other members of the Class and have the financial resources to do so.

39. Common questions of law and fact predominate over questions affecting only individual class members, and a class action is the superior method for fair and efficient adjudication of the controversy. The only individual question concerns identification of class members, which will be ascertainable from records maintained by Defendant and/or their agents.

40. The likelihood that individual members of the Class will prosecute separate actions is remote due to the time and expense necessary to prosecute an individual case.

## FIRST CAUSE OF ACTION
### Violation of the Telephone Consumer Protection Act
### (47 U.S.C. 227, et seq. and 47 C.F.R. §§ 64.1200(d))
### on behalf of the National Do Not Call Registry Classes

41. Plaintiff incorporates by reference the foregoing allegations as if fully set forth herein.

42. Defendant violated the TCPA and the Regulations by making, or having its agent make, two or more telemarketing calls within a 12-month period on Defendant's behalf to

Plaintiff and the members of the National Do Not Call Registry Class while those persons' phone numbers were registered on the National Do Not Call Registry.

43. As a result of Defendant's violations of 47 U.S.C. § 227 *et seq.*, Plaintiff and National Do Not Call Registry Class members are entitled to an award of up to $500 in statutory damages for each and every violation of the statute, pursuant to 47 U.S.C. § 227(b)(3)(B).

44. Plaintiff and Class Members are entitled to an award of treble damages if their actions are found to have been knowing or willful.

45. Plaintiff and National Do Not Call Registry Class members are also entitled to and do seek injunctive relief prohibiting the Defendant from advertising insurance goods or services, except for emergency purposes, to any number on the National Do Not Call Registry in the future.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff, individually and on behalf of the Classes, prays for the following relief:

A. Injunctive relief prohibiting Defendant from calling telephone numbers advertising insurance goods or services, except for emergency purposes, to any number on the National Do Not Call Registry numbers in the future;

B. As a result of Defendant's negligent, willful and/or knowing violations of 47 C.F.R. § 64.1200(d), Plaintiff seek for himself and each member of the Classes up to treble damages, as provided by statute, of up to $1,500 for each and every violation of the TCPA;

C. An order certifying this action to be a proper class action pursuant to Federal Rule of Civil Procedure 23, establishing an appropriate Classes the Court deems appropriate, finding

that Plaintiff is a proper representative of the Class, and appointing the lawyers and law firms representing Plaintiff as counsel for the Class;

    D.      Such other relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff requests a jury trial as to all claims of the complaint so triable.

PLAINTIFF,
By his attorneys

*/s/ Anthony I. Paronich*
Anthony I. Paronich
Paronich Law, P.C.
350 Lincoln Street, Suite 2400
Hingham, MA 02043
(508) 221-1510
anthony@paronichlaw.com

Alex M. Washkowitz
Jeremy Cohen
CW Law Group, P.C.
160 Speen Street Suite 309
Framingham, MA 01701
alex@cwlawgrouppc.com